# Clark Law Firm, PC
Gerald H. Clark, Esq. - 048281997
811 Sixteenth Avenue
Belmar, New Jersey 07719
(732) 443-0333
(732) 894-9647 fax
*Attorneys for Plaintiff*

## U.S DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOMAS BARRERA,<br><br>**Plaintiff(s)**<br><br>vs.<br><br>HITACHI KOKI U.S.A., LTD.; HITACHI AMERICA, LTD.; HITACHI KOKI, CO., LTD.; HITACHI POWER TOOLS; HITACHI LTD; HITACHI SALES ACCEPTANCE CORPORATION; HITACHI SALES CORPORATION OF AMERICA; HITACHI KOKI CANADA CO.; BUILDERS FIRSTSOURCE, INC.; JOHN DOES 1 - 10; ABC CORPORATIONS 1 - 10<br><br>**DEFENDANT(S)** | Civil Action<br><br><br>COMPLAINT AND<br>JURY DEMAND |

Plaintiff, **TOMAS BARRERA**, residing in Elkton, Maryland, by way of complaint against defendants alleges upon information and belief as follows:

### FIRST COUNT

1.  Plaintiff repeats and reiterates the allegations of each and every other count as if set forth at length herein.

2.  On or about January 3, 2013, Plaintiff **TOMAS BARRERA**, was working as an assembler at a modular home component manufacturing facility located at or near 18 Industrial Dr, North East, MD 21901 which is owned and/or operated by Builders FirstSource, Inc. performing certain construction and/or construction related activities related to carpentry. In connection with

1

this work, as the result of the negligence and/or defective product as described herein, plaintiff **TOMAS BARRERA** was struck in the eye while using a Hitachi pneumatic nail gun, believed to be referred to as "NR 90AF 3-31/2 inch Wire Collated Framing Nailer" performing his work activities causing him severe, debilitating and permanent injuries. Apparently two nails became lodged in the ejection tip head, causing a nail to fly out the side of the gun and strike him in the eye. **TOMAS BARRERA** was wearing safety goggles at the time but the nail flew under the goggles, striking him in the eye. He has lost sight in that eye. At all relevant times Builders FirstSource, Inc. has been in possession of the nail gun at issue and has not made it available for inspection.

3. On or about January 3, 2013, defendants **HITACHI KOKI U.S.A., LTD.; HITACHI AMERICA, LTD.; HITACHI KOKI, CO., LTD.; HITACHI POWER TOOLS; HITACHI LTD; HITACHI SALES ACCEPTANCE CORPORATION; HITACHI SALES CORPORATION OF AMERICA; HITACHI KOKI CANADA CO.; ABC CORPS. 1-20 and/or JOHN DOES 1-20** manufactured, designed, distributed, sold and/or otherwise placed into the stream of commerce the nail gun at issue and/or component parts of same. While using said product(s) in a normal, intended and/or foreseeable manner, said nail gun failed, specifically causing plaintiff severe, debilitating and permanent injuries when a nail from the gun struck him in the eye. A nail was caused to eject from the side of the gun and strike the worker in the eye causing blindness. The nail gun was brand new or nearly brand new, having been in operation for a short period of time. Nails should not eject from the side of the gun and there was something wrong with the product when it left the control of **HITACHI KOKI U.S.A., LTD.; HITACHI AMERICA, LTD.; HITACHI KOKI, CO., LTD.; HITACHI POWER TOOLS; HITACHI LTD; HITACHI SALES ACCEPTANCE CORPORATION; HITACHI SALES CORPORATION OF AMERICA; HITACHI KOKI CANADA CO.; ABC CORPS. 1-20 and/or JOHN DOES 1-20**, said defect of something wrong with the product being evident from direct evidence, circumstantial evidence and/or reasonably inferential evidence.

4. While using the nail gun and/or its parts for an intended and foreseeable purpose, due

to a design and/or manufacturing defect, and/or due to a breach of express or implied warranty, and/or negligence the nail gun and/or its parts in question failed and caused injuries to plaintiff. As a direct and proximate result of the failure of this nail gun and/or its parts, plaintiff was injured, severely and permanently.

4. Defendants **ABC CORPS. 1-20 and/or JOHN DOES 1-20**, were the manufacturer(s) designer(s), seller(s) and/or otherwise are responsible for placing said defective product and/or any of its component parts, into the stream of commerce, said defect(s) having existed at the time the product left the control of the defendants.

5. The defendants, **HITACHI KOKI U.S.A., LTD.; HITACHI AMERICA, LTD.; HITACHI KOKI, CO., LTD.; HITACHI POWER TOOLS; HITACHI LTD; HITACHI SALES ACCEPTANCE CORPORATION; HITACHI SALES CORPORATION OF AMERICA; HITACHI KOKI CANADA CO.;** were at all times negligent in their design, manufacture, distribution and/or sale of the nail gun and/or its parts, and/or any of its component parts or accessories, and breached their warranties, both express and implied and are strictly liable in tort and under the New Jersey Products Liability Act, and/or similar applicable law, all of which resulted in the injuries to plaintiff.

*WHEREFORE*, plaintiff(s) demand(s) judgment against all defendants, jointly and/or severally for compensatory damages in an amount to be determined at trial; punitive damages; attorneys' fees and costs and for such other relief as the Court deems appropriate.

## SECOND COUNT

1. Plaintiffs repeat and reiterate the allegations contained in the prior and subsequent counts of the Complaint as if set forth at length.

2. At all relevant times defendant(s) **BUILDERS FIRSTSOURCE, INC.; ABC CORPS. 1-10 and/or JOHN DOES 1-10**, was/were the general contractor(s), subcontractor(s) and/or owner(s) of the work site in question, and were otherwise in a position so as to have a duty for safety on the job site, the breach of which resulted in the injuries in question to plaintiff, which

3

at all relevant times was owned, controlled and/or maintained by defendants, **BUILDERS FIRSTSOURCE, INC.; ABC CORPS. 1-10 and/or JOHN DOES 1-10** and/or said defendants, or any one of them, created the dangerous condition or unsafe workplace situation and/or harm which resulted in the complained of accident and injuries, or are otherwise liable to plaintiff under common law and/or statutory negligence and/or work site safety laws and/or for failure to provide safe work environment.

3. At the time and place mentioned herein, defendants failed to comply with various federal and state safety statutes and regulations, failed to comply with local building ordinances and permits, failed to properly supervise the construction, failed to demand and insure that construction proceed in compliance with the Uniform Construction Code and other applicable codes and standards, failed to comply with ordinary and customary safety procedures common in the industry, failed to maintain the property and work site in a reasonably safe condition, created the dangerous condition in question and/or created an unreasonable risk of harm to the plaintiff and/or otherwise breached other duties as shall become known in the future, said breaches, acts and omissions having proximately caused the accident and injuries plaintiff suffered.

4. The workplace that plaintiff was working on at the above-mentioned time and place was owned, supervised, operated, and/or controlled by defendants, **BUILDERS FIRSTSOURCE, INC.; ABC CORPS. 1-10 and/or JOHN DOES 1-10** and/or said defendants, or any one of them, having created the dangerous condition or unsafe workplace situation which resulted in the complained of accident and injuries.

5. On the date and time set forth above, plaintiff was a business invitee of the defendants **BUILDERS FIRSTSOURCE, INC.; ABC CORPS. 1-10 and/or JOHN DOES 1-10** performing labor on their premises or premises they were occupiers of.

6. On the date and time set forth above, the premises owned, operated, designed, maintained, supervised, and in the possessory control of defendant **BUILDERS FIRSTSOURCE, INC.; ABC CORPS. 1-10 and/or JOHN DOES 1-10**, were maintained and permitted to exist in

an unreasonably dangerous condition.

7. As a direct and proximate result of the unreasonably dangerous conditions on the premises at the aforementioned time and place, as a result of the acts and omissions complained of herein, including creating a condition which resulted in a substantial certainty of harm, plaintiff was caused to fall to the ground, and suffered severe and painful bodily injuries, which have caused and will in the future continue to cause him severe pain and suffering, which have caused and will in the future cause him to incur various and diverse expenditures for medical treatment and care, which have in the past and will in the future continue to require him to seek and undergo medical attention, procedures, therapies, consultations, and other various treatments, which have in the past and will in the future continue to cause disability and lost function of bodily and/or mental capacity, which have in the past and will in the future continue to incapacitate him and render him incapable of pursuing his regular and ordinary occupation, activities, and pursuits.

8. As a direct and proximate result of the negligence and carelessness of the defendants, **BUILDERS FIRSTSOURCE, INC.; ABC CORPS. 1-10 and/or JOHN DOES 1-10** , in the ownership, operation, design construction, maintenance, control, and/or repair of the subject work site property, and as otherwise set forth herein, said defendants, or any one of them, having done and currently doing business in the State of New Jersey plaintiff, **TOMAS BARRERA**, sustained severe and permanent injuries, has and will suffer pain, has and will incur medical expenses, lost wages and has and will be unable to engage in his usual activities, all to his damage.

9. Defendants **ABC CORPS. 1-10 and/or JOHN DOES 1-10;** are fictitious named entities who actual identities are not yet known and who are also liable to plaintiff as set forth herein as to the identified named defendants.

**WHEREFORE**, plaintiff demands judgment against all defendants, both jointly and severally for compensatory damages and punitive damages together with attorneys' fees, interest, and costs of suit, and such other and further relief as the Court deems appropriate.

## THIRD COUNT

1. Plaintiffs repeat and reiterate the allegations contained in the prior and subsequent counts of the Complaint as if set forth at length.

2. Some defendant(s) including but not limited **BUILDERS FIRSTSOURCE, INC.** may be deemed to have no legal liability, such as perhaps, being deemed the employer(s) of plaintiff at the time of the accident, who duly maintained workers compensation insurance and are protected from tort liability under the exclusive remedy provisions of the New Jersey Worker's Compensation Act, or other applicable laws or otherwise, and if no exception to those exclusive remedy provisions or legal defenses is found to be applicable, then it is alleged these defendants are in the exclusive possession of documents, information and/or other evidence relevant to facts at issue in this case and seek to remain as a defendant in this alternative capacity for purposes of discovery of the aforesaid information and evidence.

*WHEREFORE*, plaintiff(s) demand(s) judgment against all defendants, jointly and/or severally for compensatory, punitive damages in an amount to be determined at trial; attorneys' fees and costs and for such other relief as the Court deems appropriate.

## FOURTH COUNT

1. On or about January 3, 2013, the Hitachi nail gun at issue was secured as evidence by defendants **HITACHI KOKI U.S.A., LTD.; HITACHI AMERICA, LTD.; HITACHI KOKI, CO., LTD.; HITACHI POWER TOOLS; HITACHI LTD; HITACHI SALES ACCEPTANCE CORPORATION; HITACHI SALES CORPORATION OF AMERICA; HITACHI KOKI CANADA CO.; BUILDERS FIRSTSOURCE, INC.; JOHN DOES 1 - 10; ABC CORPORATIONS 1 - 10** or any one of them, or their agents. Since that time said defendants, or any one of them, have spoliated this evidence and have failed to produce it as evidence, despite knowing or reasonably expecting that litigation would result in this matter from this injury incident complained of herein.

2. Based on the above, and otherwise as set forth herein and as discovery will show,

defendant(s) **HITACHI KOKI U.S.A., LTD.; HITACHI AMERICA, LTD.; HITACHI KOKI, CO., LTD.; HITACHI POWER TOOLS; HITACHI LTD; HITACHI SALES ACCEPTANCE CORPORATION; HITACHI SALES CORPORATION OF AMERICA; HITACHI KOKI CANADA CO.; BUILDERS FIRSTSOURCE, INC.; JOHN DOES 1 - 10 and/or ABC CORPORATIONS 1 - 10** have committed negligence, negligent and/or intentional spoliation of evidence, and/or fraudulent concealment of evidence.

3. Spoliation of evidence occurs in a civil action when evidence pertinent to the action is destroyed, interfering with the proper administration and disposition of the action. A duty to preserve evidence would exist if (1) the third party has knowledge of a potential lawsuit and accepts responsibility for preserving the evidence; (2) the third party voluntarily undertakes to preserve the evidence and a plaintiff reasonably and detrimentally relies thereon; (3) the third party agrees with plaintiff to preserve the evidence; or (4) plaintiff makes a specific request to the third party to preserve a particular item. A duty may also be created by the spoliator voluntarily undertaking to preserve the evidence and a plaintiff reasonably and detrimentally relying thereon. Defendant may voluntarily assume a duty by affirmative conduct. In any of the foregoing instances, a defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action.

4. New Jersey and other states have also recognized the tort of fraudulent concealment of evidence which has the following elements: (1) pending or probable litigation involving the plaintiff; (2) knowledge on the part of the defendant that litigation exists or is probable; (3) willful or, possibly, negligent destruction of evidence by the defendant designed to disrupt the plaintiff's case; (4) disruption of the plaintiff's case; and (5) damages proximately caused by the defendant's acts.

5. Based upon the fact and circumstances herein, and as discovery may otherwise show, defendants **HITACHI KOKI U.S.A., LTD.; HITACHI AMERICA, LTD.; HITACHI KOKI, CO., LTD.; HITACHI POWER TOOLS; HITACHI LTD; HITACHI SALES**

ACCEPTANCE CORPORATION; HITACHI SALES CORPORATION OF AMERICA; HITACHI KOKI CANADA CO.; BUILDERS FIRSTSOURCE, INC.; JOHN DOES 1 - 10 **and/or ABC CORPORATIONS 1 - 10** have committed negligence, negligent and/or intentional spoliation of evidence, and/or fraudulent concealment of evidence, and are liable to plaintiff who has been proximately damaged thereby.

### JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues.

### TRIAL ATTORNEY DESIGNATION

Gerald H. Clark is designated as trial counsel for the Plaintiff.

### DEMAND FOR INSURANCE COVERAGE

Plaintiffs demand that the defendants disclose the full extent of all applicable insurance coverage as well as copies of all declaration pages thereof within thirty (30) days of service of this complaint.

### DEMAND FOR DOCUMENTS, THINGS, AND INVENTORY

Plaintiffs demand that each of the defendants produce (1) originals or true copies of all documents, photographs, videotapes, computer information, and files with regard to Tomas Barrera, and the events described in this Complaint, and (2) all original evidence, along with an inventory of all original evidence, and an inventory of all evidence lost or destroyed by any of the defendants.

**Clark Law Firm, PC**
*Attorneys for Plaintiffs*

By: _____
GERALD H. CLARK

Dated: December 23, 2014

Complaint- Federal.wpd